**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| GOLD LEROY BASS<br>    Petitioner | : |
| | : |
| v. | Civil Action No. JFM-08-1839 |
| | : |
| BOBBY SHEARIN, WARDEN<br>    Respondent | : |

## MEMORANDUM

Gold Leroy Bass ("Bass"), an inmate at the Western Correctional Institution, through counsel, filed the above-captioned 28 U.S.C. §2254 petition for writ of habeas corpus. Counsel for respondent, Warden Bobby Shearin,[1] has filed pleadings seeking dismissal of the petition as an unauthorized successive §2254 motion.[2] Bass has filed an opposition. Upon review of the pleadings, the court concludes a hearing is unwarranted.

This is Bass's seventh § 2254 motion attacking his 1976 first-degree murder conviction.[3] Absent pre-filing authorization from the United States Court of Appeals for the Fourth Circuit to file a successive petition, it must be dismissed for lack of jurisdiction.

BACKGROUND

In 1976, a jury sitting in the Criminal Court of Baltimore convicted Bass of two counts of first-degree murder, use of a handgun in the commission of a crime of violence, robbery with a deadly weapon, and unlawful possession of a handgun in the December 21, 1973, fatal shootings of Harry D. McGee and Nathaniel Sheppard. The shootings occurred during an incident involving a

---

[1]  J. Phillip Morgan is presently Warden of Western Correctional Institution. *See* Rule 2(a), 28 U.S.C. folio. § 2254; Fed. R. Civ. P. 25(d)(1).

[2] The exhibits referenced were submitted by respondent unless indicated otherwise.

[3] *See* Exhibit 3, pp 5-6, *Bass v. Warden*, Civil Action No. MJG-93-583 (D. Md.); Exhibit 1, *Bass v. Warden*, Civil Action No.  H-85-1649 (D.Md); *see also Bass v. Warden*, Civil Action Nos. H-87-289; H-84-4443; H-81-1135; H-79-2267 (D.Md). Petitioner's first and sixth federal habeas

large amount of marijuana.  The victims were in a car with Bass, who shot McGee and then ordered him to throw the drugs on the back seat of the car.  Bass got out of the car, and then reached back in to fatally shoot McGee and Sheppard. Bass testified the shooting was in self-defense.

The jury received instructions on both premeditated and felony murder, and returned a general verdict of guilty on the first-degree murder charges and the related offenses.  Bass was sentenced to two life terms for the murder convictions.  Additionally, he was sentenced to twenty years for the robbery, fifteen years for use of a handgun, and one year for handgun possession.

In his direct appeal to the Court of Special Appeals of Maryland, Bass claimed that the trial court "erred in instructing the jury on the elements of robbery in a felony murder." Exhibit 28, App. pp. 2-3. [4]   He   asserted that "the jury apparently based its verdicts for murder in the first degree on the application of the felony murder rule." *Id*. p.7.  Notably, Bass did not challenge the sufficiency of the evidence underlying the murder convictions on appeal.  The Court of Special Appeals ruled the trial court "properly instructed the jury on the felony murder rule." *Id.* [5]

In 1981, appellant filed his first federal petition for writ of habeas corpus, asserting, among other arguments, that the multiple convictions for murder, robbery, and handgun violations violated the double jeopardy clause of the Fifth Amendment as applied to the States through the due process clause of the Fourteenth Amendment.   On March 23, 1981, the Honorable Alexander Harvey vacated appellant's armed robbery and associated handgun convictions. Petitioner's Exhibit 1.

---

petitions were rejected on their merits.  Exhibits 1 and 3.

[4] The remainder of the lengthy state court procedural history of this case was summarized by the Court of Special Appeals of Maryland by unpublished opinion in *Bass v. State of Maryland*, (September Term 2006), filed October 18, 2007. Exhibit 4. pp. 1-3.

[5] *Bass v. State*, No. 1061, September Term, 1976 (filed August 30, 1977), *cert. denied*, 281 Md. 734 (1977) (also referred to as *Bass I*).

Referencing *State v. Frye*, 283 Md. 709 (1978), and *Newton v. State*, 280 Md. 260 (1977), Judge Harvey ruled that because it was not clear from the verdict whether the jury had found Bass guilty of first-degree premeditated murder or first-degree felony murder, the ambiguity would be resolved in his favor. The armed robbery and associated handgun convictions were vacated to cure the presumed Fifth Amendment violation.[6]

## DISCUSSION

Bass asserts that the instant petition is not successive because it challenges his 2006 "resentencing" in the Circuit Court of Baltimore City. He avers that he was "resentenced" in 2006 for felony murder, an offense for which he not been convicted by the jury, and the grounds for the claims raised now did not exist at the time of his earlier habeas petitions. Paper No. 4. The court disagrees. The proceeding captioned by Bass as " 2006 resentencing" in fact arose from a clerical correction to his commitment order prompted by the filing of a Motion to Vacate Illegal Sentence. In affirming the circuit court's denial of that motion, the Court of Special Appeals of Maryland explained:

> On August 26, 2005, appellant filed a Motion to Vacate Illegal Sentence pursuant to Maryland Rule 4-345(a), [footnote] asserting that the commitment record recites an illegal sentence, namely, that he was sentenced for premeditated murder under Article 27, § 407. Appellant argued in the motion to vacate that the 2003 sentence is illegal on three grounds: First, the jury did not find him guilty of premeditated murder. Second, the sentencing court in 2003 did not pronounce that it was sentencing him for premeditated murder. Third, the statement in *Bass III* that there was "no showing of independent proof of premeditation and deliberation" is the law of the case that appellant was not convicted of premeditated murder, so he cannot be

---

6   By merging the charges, Bass was protected from being twice punished for the elements of a single offense. *See Newton v State,* 280 Md. 260, 262-63, 268 (1977) (ruling that convictions for felony murder and the underlying felony must be treated as one offense for double jeopardy purposes and for sentencing purposes the underlying felony must be merged into the murder conviction).

sentenced for that offense.

The circuit court held a hearing on the motion on March 1, 2006. At the hearing, appellant further stressed that, because the federal court vacated the robbery conviction in 1981, there were no grounds for felony murder, so appellant's life sentence could not be based on that theory of first degree murder. Appellant asserted that, in *Bass III*, we misread or mistakenly changed the federal court's decision by characterizing the federal court's actions as a merger of the felony and murder convictions, instead of recognizing that the federal court had vacated the armed robbery conviction. Appellant argued that, because there is no longer a felony conviction to support a felony murder conviction, the latter conviction also is improper. Appellant further argued that, without a basis for conviction of either first degree premeditated murder or first degree felony murder, his life sentences are illegal and must be vacated.

In response, the State argued that we declared the sentence legal in *Bass III* when we affirmed that life sentenced imposed in 2003. The State further argued that we had recognized in *Bass III* that the federal court vacated the felony conviction simply to cure the presumed Fifth Amendment double jeopardy defect, which resulted in merger of the convictions. The State asserted that we had conclusively determined in *Bass III* that the murder convictions were felony murder convictions. The State argued that the present motion was not a motion to correct an illegal sentence but was actually a motion to modify the commitment record under Maryland Rule 351(b), to reflect the judgment in *Bass III*.

The circuit court agreed with the State and denied the motion to vacate. The court stated that the commitment record contained a clerical error by indicating that appellant's life sentences are based on violations of Article 27, § 407, premeditated murder. The court directed the court clerk to draft a new, correct commitment record. The court stated that there would be no substantive changes to appellant's sentences, and the new commitment record should state that appellant's sentences are based on first degree murder. The state then requested that the commitment record designate the convictions as felony murder to reflect what the State perceived to be the holdings of the federal district court and this Court in *Bass III*. The court agreed and directed the clerk to modify the commitment record to reflect that the life sentences are for violations of Article 27, § 407, common law felony murder.

Exhibit 4, pp. 3-5.

\* \* \* \* \* \* \* \* \*

4

Appellant attacks the legality of his two life sentences, raising the grounds he pressed before the circuit court. We reject those arguments and affirm the court's denial of the motion to vacate the sentences.

Under Maryland Rule 4-345(a): "[t]he court may correct an illegal sentence at any time." A motion to vacate an illegal sentence generally is not appropriate where the "alleged illegality "did not inhere in [the defendant's] Sentence.'" *Baker v. State*, 389 Md. 127, 133 (2002) (citation omitted). Generally, to entertain such a motion, the alleged illegality must be in the sentence itself or must rest upon the fact that the sentence should not have been imposed. *Id*. Appellant received two life sentences on two counts of first degree murder . A sentence of life imprisonment for first degree murder is not a substantively illegal sentence. *See State v. Wilkins*, 393 Md. 2698, 276 (2006). Appellant's argument, however, is that the convictions upon which the life sentences were imposed no longer exist, rendering the sentences unlawful.

We disagree with appellant, however, in the premise of his argument, *i.e.* there no longer remain convictions of first degree murder upon which he can legally be sentenced. We begin by noting that at no time has it been established that the State failed to present legally sufficient evidence to sustain the murder convictions upon a theory of either premeditated murder or first degree felony murder. Furthermore, there is no support for appellant's assertion that the convictions for first degree murder have been vacated, by operation of either the decision of the federal district court vacating the robbery conviction on habeas corpus review, or this Court's statement in *Bass III* that, "[i]n appellant's case, there was no showing of independent proof of premeditation and deliberation…."

The above quoted statement from *Bass III* does not remotely stand for the proposition for which appellant claims it does. Properly read in context, the statement is intended to mean that there is no evidence that the jury found "independent proof of premeditation and deliberation." Indeed, the statement is made in the midst of our explanation in *Bass* III for why the federal court vacated appellant's armed robbery conviction. That court vacated the armed robbery conviction by applying the rule of *Frye v. State*, 283 Md. 709 (1978), solely to guard against possibly violating the prohibition against double punishment for the "same" offense, as that term is employed in double jeopardy law.

The defendants complained on appeal that the robbery convictions and sentences must be vacated, under *Newton*. The Court of Appeals agreed. The *Frye* Court explained that, in *Newton*, the reason for the merger of the underlying felony conviction into the murder conviction in that case was not

5

for lack of evidence of premeditation or deliberation, but because "the trier of facts based the verdict on felony murder instead of finding willful, deliberate and premeditated-murder, ..." 283 Md. at 722. The *Frye* Court made clear that separate convictions and sentences for a felony and a murder committed during the course of a felony do not violate the prohibition against multiple punishment if the jury finds the murder to be premeditated. *Id*. at 722-23. When, however, the jury verdict is ambiguous and could stand on either a theory of premeditation or felony murder, the judgments entered on the underlying felony convictions must be vacated because it cannot be ascertained that the jury found premeditation. *Id*. at 724.

The federal district court properly applied the *Frye* rule to appellant's case precisely because, and only because, it is impossible to say with certainty that the jury found independent proof of premeditation and deliberation. But the federal court's application of the *Frye* rule does not reflect a conclusion that the jury failed to find appellant acted with premeditation. Indeed appellant does not now, and (as far as the record shows) has not in the past, complained that the State did not present legally sufficient evidence from which the jury could have been persuaded beyond a reasonable doubt that he committed premeditated murder. Although appellant's commitment record now shows that he is serving two life sentences for felony murder, we nonetheless make it clear that appellant's first degree murder convictions could be supported on a theory of premeditated murder.

There is no merit to appellant's assertion that the "presumed" felony murder convictions are no longer viable simply because the underlying armed robbery conviction was vacated by the federal district court, along with the sentence that went with it. We have no doubt whatsoever that the federal district court vacated the underlying armed robbery conviction for the unstated but nonetheless obvious reason that the conviction (and sentence) merged with the first degree murder convictions on the "presumed" verdicts of felony murder. The presumed felony murder convictions are not affected by the district court's decision, and can properly support life sentences. *See In re Montrail M*., 325 Md. 527, 533 (1992) (observing that, in criminal cases, merger does not serve to wipe out a conviction of the merged offense and stating, in a juvenile delinquency case, that merger of a lesser offense with a greater inclusive offense does not affect the separate adjudications of delinquency; "[t]he adjudications stand, unaffected by the merger.").

Exhibit 4, pp.6-10 (footnotes omitted).[7]

---

[7] *Bass v. State*, No. 2128, September Term, 2001 (filed January 22, 2003) (*Bass II*); *Bass v.*

It is apparent that this petition attempts to collaterally attack the validity of the underlying 1976 murder convictions by challenging the sentences.  *See e.g.* Petition, pp. 2 and 3 (stating "[p]etitioner Bass is being detained for a crime that he was not convicted of by the trial jury" and "[t]he jury did not convict the Petition of felony murder).  Bass cannot obtain the relief he is seeking without first obtaining pre-filing authorization from the Fourth Circuit to file a successive § 2254 proceeding.  *See* 28 U.S.C. § 2244(b); *Evans v. Smith,* 220 F.3d 306, 325 (4th Cir. 2000); *see also Walker v. Roth*, 133 F.3d 454, 455 (7th Cir. 1997) (noting that challenge limited to resentencing was not successive but challenges to conviction would rendered dismissal as successive proper).  The statutory pre-filing authorization requirement may not be circumvented by re-characterizing a clearly successive petition.[8]

Assuming for the sake of argument that the convictions were deficient as claimed, they were deficient at the time rendered.  Thus, even were these claims not successive, they are time-barred under 28 U.S.C. § 2244(d).  Bass's June 18, 2003, resentencing became final on May 12, 2005, after the expiration of the time for seeking review of the Court of Special Appeals decision affirming the sentence.  The instant federal habeas petition was filed more than three years later, well beyond the one-year limitations period under 28 U.S.C. § 2244.  The Motion to Vacate Illegal Sentence, filed on August 26, 2005, did not constitute an  "application for state post conviction or other collateral review." 28 U.S.C. §

---

*State*, No. 1352, September Term 2003(filed October 15, 2004), *cert. denied*, 385 Md. 162 (2005) (*Bass III*).

[8] Bass' reliance on *In re Taylor*, 171 F.3d 185 (4th Cir. 1999) is misplaced. In contrast to the circumstances presented in that case, this petition is not limited to claims arising from

2244(d) (2); *see also State v. Kanaras*, 357 Md. 170, 183 (1999) (noting "there is no indication in the language or history of [Maryland] Rule 4-345 that the court intended to create a separate cause of action... [I]t is part of the same proceeding and not a wholly independent action. The rule simply grants the trial court limited continuing authority in the criminal case to revise the sentence."); *Walkowiak v. Haines*, 272 F.3d 234 (4th Cir. 2001) (holding that a Motion for Correction or Reduction of Sentence" was not a collateral proceeding under West Virginia law to toll the limitations period under 28 U.S.C. §2244(d)(2)).  Consequently, the proceeding neither tolled nor restarted the one-year limitations period.

## CONCLUSION

This successive §2254 motion must be dismissed for lack of jurisdiction.  A separate order follows.


September 11, 2009                     /s/
Date                                   J. Frederick Motz
                                        United States District Judge

---

resentencing. *Id*. at 188.